UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
HAYTHAM SHAABAN,

                              Plaintiff,

                       -against-

CITY OF NEW YORK; NEW YORK CITY TAXI AND LIMOUSINE COMMISSION ("TLC"); TLC Inspector JOEL GOMEZ, Shield No.1051; TLC Captain JOSEPH EDWIDGE, Shield No. 11; TLC Captain DOUGLAS EATON, Shield No. 480; and TLC Police Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown); and New York City Police Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 9741 (GBD)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Haytham Shaaban ("plaintiff" or "Mr. Shaaban") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the TLC, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of TLC police officers and supervisory TLC police officers, including the individually named defendants herein.

10. Defendant Inspector Joel Gomez, Shield No. 1051 ("Gomez"), at all times relevant herein, was an officer, employee and agent of the TLC. Defendant Gomez is sued in his individual and official capacities.

11. Defendant Captain Joseph Edwidge, Shield No. 11 ("Edwidge"), at all times relevant herein, was an officer, employee and agent of the TLC. Defendant Edwidge is sued in his individual and official capacities.

12. Defendant Captain Douglas Eaton, Shield No. 480 ("Eaton"), at all times relevant herein, was an officer, employee and agent of the TLC. Defendant Eaton is sued in his individual and official capacities.

13. At all times relevant defendants NYPD Police Officers John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, defendants NYPD Police Officers John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times relevant defendants TLC Police Officers John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the TLC.

Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

16. At all times relevant herein, defendants TLC Police Officers John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the TLC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

17. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18. At approximately 7:30 p.m. on April 17, 2014, Mr. Shaaban was lawfully operating his vehicle, with his passenger, in the vicinity of East 59th Street and Third Avenue in Manhattan.

19. Mr. Shaaban has a TLC license and works as a driver for hire.

20. At the time in question, Mr. Shaaban was not working and his passenger was not a customer.

21. Defendants pulled plaintiff over and demanded his license and registration information.

22. Notwithstanding that Mr. Shaaban's paperwork was in order, defendants ordered him out of the car.

23. Defendants aggressively demanded to know if Mr. Shaaban's passenger

was a paying customer.

24. Mr. Shaaban truthfully told defendants that his passenger was not a paying customer.

25. Plaintiff's passenger confirmed to defendants that she was not, in fact, a paying customer.

26. Notwithstanding, defendants continued with their aggressive behavior toward Mr. Shaaban and his passenger.

27. Afraid, Mr. Shaaban requested that a supervisor be called to the scene.

28. After the supervising officer arrived, defendants' aggressive conduct escalated causing Mr. Shaaban to begin recording the incident on his cell phone.

29. The supervising officer violently smacked the phone from plaintiff's hands.

30. Mr. Shaaban retrieved his phone from the ground and dialed 911.

31. In response, the supervising officer maced Mr. Shaaban directly in his face.

32. Defendants violently forced Mr. Shaaban to the ground causing plaintiff's head to strike the concrete.

33. While on the ground, defendants kneed Mr. Shaaban in his back and stepped on the back of plaintiff's knee.

34. During the assault, a defendant officer told plaintiff, in sum, "I hate you

fucking Muslims."

35. Mr. Shaaban was tightly handcuffed and taken to a police precinct.

36. At the precinct, Mr. Shaaban asked to be taken to a hospital for medical treatment as he was in pain, including burning eyes, neck and knee pain and difficulty breathing.

37. TLC and NYPD officers threatened Mr. Shaaban with a longer incarceration if he sought medical treatment at a hospital.

38. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit various crimes including disorderly conduct, harassment and resisting arrest.

39. At no point did the officers observe Mr. Shaaban commit any crime or offense.

40. Mr. Shaaban was taken to Manhattan Central Booking.

41. Mr. Shaaban was arraigned in New York County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

42. After approximately twenty-four hours in custody, plaintiff was released.

43. Following his arrest, Mr. Shaaban was forced to further defend himself against defendants' claim that he was illegally operating a for-hire vehicle at a TLC Oath hearing.

44. Following the hearing and testimony by TLC defendants, all violations

against Mr. Shaaban were dismissed.

45. Mr. Shaaban required ongoing medical and psychiatric treatment following his release from custody for physical and emotional injuries sustained as a result of defendants' conduct.

46. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

47. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

48. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

49. Mr. Shaaban suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

58. Plaintiff was conscious of his confinement.

59. Plaintiff did not consent to his confinement.

60. Plaintiff's confinement was not otherwise privileged.

61. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

68. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

69. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. The individual defendants created false evidence against plaintiff.

72. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

73. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
**Negligent Hiring, Training and Retention**

75.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76.    Defendant City, through the officers, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

77.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

78.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

79.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

80.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **EIGHTH CLAIM**
### Intentional Infliction of Emotional Distress

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

83. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as officers.

84. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

85. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

86.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

88.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as officers.

89.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

90.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Deliberate Indifference to Medical Needs

91. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

92. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

93. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

94. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

95. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

96. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

97. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

98.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   April 27, 2015
         New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Baree N. Fett
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        bfett@hwf.nyc

                                        *Attorneys for plaintiff*